J. S71004/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| EDWARD HOLMES, | : | No. 740 MDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, March 26, 2014,
in the Court of Common Pleas of Lackawanna County
Criminal Division at Nos. CP-35-CR-0002459-2013,
CP-35-CR-0002460-2013, CP-35-CR-0002623-2013

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA AND FITZGERALD,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED DECEMBER 09, 2014**

Edward Holmes appeals from the judgment of sentence of March 26, 2014, following his conviction of simple assault, terroristic threats, theft by deception, and possession of a controlled substance.  Appointed counsel, Donna M. DeVita, Esq., has filed a petition to withdraw and accompanying **Anders**[1] brief.  After careful review, we grant the petition to withdraw and affirm the judgment of sentence.

On December 6, 2013, appellant entered an open guilty plea to simple assault, terroristic threats, and theft by deception.  As part of the plea

---

* Former Justice specially assigned to the Superior Court.

[1] **See Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).

agreement, the remaining charges were ***nolle prossed***. The simple assault charge related to an incident on October 31, 2013, wherein appellant threw a candle at the victim, striking him and causing injury. (Notes of testimony, 12/6/13 at 5.) The terroristic threats charge related to a separate incident on October 27, 2013, wherein appellant placed a pillow over his ex-girlfriend's face, grabbed her by the neck, and made threats, including stating, "Not now, but next time." (***Id.*** at 6.) With regard to theft by deception, it was alleged that on September 8, 2013, appellant cashed a check for $468.02 using the victim's identification. (***Id.***)

On March 26, 2014, appellant appeared before the Honorable Vito P. Geroulo for sentencing. Along with the three charges above, appellant was to be sentenced for a 2011 case of simple possession. Despite appellant's repeat felony offender ("REFL") status, appellant asked for a county sentence due to his diagnosis of stage 4 colon cancer and the fact that he is an alcoholic. (Notes of testimony, 3/26/14 at 5-6.) Appellant also noted that he had no prison misconducts, was a block worker, and never violated probation/parole. (***Id.*** at 6-7.) Appellant's prior felonies were from 1980 and 1992. (***Id.*** at 6.)

Judge Geroulo imposed a sentence of 1 to 2 years' incarceration for simple assault, 1 to 3 years for terroristic threats, 1 to 2 years for theft by deception, and 6 to 12 months for simple possession. (***Id.*** at 8-9.) Appellant's sentences for simple assault and terroristic threats were run

concurrently for an aggregate sentence of 2½ to 6 years. (*Id.*) Appellant's sentences all fell at the bottom of the standard range of the sentencing guidelines. (*Id.* at 9-10.)

On March 27, 2014, appellant filed a motion for reconsideration of sentence, again asking for a county sentence in light of his medical history and prison record. Appellant's post-sentence motion was denied on March 28, 2014. This timely appeal followed on April 24, 2014. Appellant complied with Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A., and the trial court has filed an opinion.

Appellant has raised the following issues for this court's review, challenging the discretionary aspects of his sentence:

> A. Whether the sentences imposed were inappropriately harsh and excessive and an abuse of discretion?
>
> B. Whether the lower court failed to take into consideration Appellant's medical and rehabilitation needs when it imposed its sentences?

Appellant's brief at 4.

Counsel having filed a petition to withdraw, we reiterate that "[w]hen presented with an *Anders* brief, this court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa.Super. 2010), citing *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*) (citation omitted).

> In order for counsel to withdraw from an appeal pursuant to **Anders**, certain requirements must be met, and counsel must:
>
> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.**, quoting **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).

Upon review, we find that Attorney DeVita has complied with all of the above requirements. In addition, Attorney DeVita served appellant a copy of the **Anders** brief, and advised him of his right to proceed **pro se** or hire a private attorney to raise any additional points he deemed worthy of this court's review. Appellant has not responded to counsel's motion to withdraw. As we find the requirements of **Anders** and **Santiago** are met, we will proceed to the issues on appeal.

> A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. **Commonwealth v. Hunter**, 768 A.2d 1136 (Pa.Super.2001)[,] **appeal denied**, 568 Pa. 695, 796 A.2d 979 (2001). When challenging the discretionary aspects of a sentence, an appellant

must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. ***Commonwealth v. Mouzon***, 571 Pa. 419, 812 A.2d 617 (2002); ***Commonwealth v. Tuladziecki***, 513 Pa. 508, 522 A.2d 17 (1987); 42 Pa.C.S.A. § 9781(b); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal 'furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases.'" ***Commonwealth v. Williams***, 386 Pa.Super. 322, 562 A.2d 1385, 1387 (1989) (***en banc***) (emphasis in original).

***Commonwealth v. McNear***, 852 A.2d 401, 407-408 (Pa.Super. 2004).

Instantly, appellant has complied with Rule 2119(f) by including the requisite statement in his brief. (Appellant's brief at 8-9.) However, we find that appellant does not raise a substantial question for our review. Appellant acknowledges that he received a standard range sentence but argues that the aggregate sentence was excessive in light of the circumstances. (***Id.***) Appellant's argument is mere boilerplate. Appellant entered an open guilty plea and received a guideline sentence. Appellant falls well short of raising a "substantial question" for our review with respect to the trial court's exercise of its sentencing discretion. There is simply nothing to review here. ***Commonwealth v. Maneval***, 688 A.2d 1198, 1199-1200 (Pa.Super. 1997) ("Generally, if the sentence imposed falls

within the sentencing guidelines, no substantial question exists."), citing ***Commonwealth v. Johnson***, 666 A.2d 690, 692 (Pa.Super. 1995).

With regard to appellant's claim that the trial court failed to give sufficient weight to mitigating factors such as his alcoholism and medical condition, an argument that the sentencing court failed to consider mitigating factors in favor of a lesser sentence does not present a substantial question appropriate for our review; as such, we need not address it. ***Commonwealth v. Hanson***, 856 A.2d 1254, 1257-1258 (Pa.Super. 2004), citing ***Commonwealth v. McNabb***, 819 A.2d 54, 57 (Pa.Super. 2003). ***See also Commonwealth v. Griffin***, 804 A.2d 1, 9 (Pa.Super. 2002), ***appeal denied***, 868 A.2d 1198 (Pa. 2005), ***cert. denied***, 545 U.S. 1148 (2005), citing ***Williams***, ***supra*** (an allegation that the sentencing court did not adequately consider various factors is, in effect, a request that this court substitute its judgment for that of the lower court in fashioning a defendant's sentence).

In addition, the court had the benefit of a PSI report. "Our Supreme Court has ruled that where pre-sentence reports exist, the presumption will stand that the sentencing judge was both aware of and appropriately weighed all relevant information contained therein." ***Griffin***, ***supra*** at 8, citing ***Commonwealth v. Devers***, 546 A.2d 12, 18 (Pa. 1988). We note that Judge Geroulo was well aware of appellant's cancer diagnosis and directed that he be housed in an appropriate facility. (Notes of testimony,

3/26/14 at 9.) Judge Geroulo also indicated his intention to monitor appellant's case to ensure that any and all medical needs are being provided. (**Id.**)

Having determined that the instant appeal is wholly frivolous, and after our own independent review, that there are no issues of arguable merit apparent from the record, we will grant Attorney DeVita's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/9/2014